IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AUTUMN M. BRYANT, )
)
      Plaintiff, )
)
 -vs- ) Civil Action No. 15-1017
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed briefs in support of their motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 12).

**I.**    **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her application alleging she has been disabled since May 17, 2012. (ECF No. 8-5, p. 2). Administrative Law Judge ("ALJ"), Joanna Papazekos, held a hearing on September 18, 2012. (ECF No. 8-2, pp. 31-53). On February 6, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 20-28).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 10 and 12). The issues are now ripe for review.

**II.**    **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Plaintiff's Mental Residual Functional Capacity (RFC)[1]

Plaintiff argues that the ALJ failed to "properly credit the medical source statements of record on points they all agreed, when fashioning an appropriate functional capacity." (ECF No. 11, p. 15). Specifically, Plaintiff submits that the ALJ failed to include a limitation regarding Plaintiff's ability to deal with the general public. *Id.* To that end, Plaintiff contends that the two consulting examiners and the non-examining psychologist (Drs. Cohen, Kennedy and Rings) opined that Plaintiff had either marked or moderate limitations in the area of dealing with the general public. *Id.* According to Plaintiff, no doctor opined that Plaintiff could deal with the public without limitation. *Id.* at pp. 15-16. Yet, Plaintiff continues, the RFC contains no limitation

---

[1] RFC or residual functional capacity refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform the full range of work at all exertional levels, but with exceptions. (ECF No. 8-2, p. 24).

3

on Plaintiff's ability to work with the general public. *Id.* at pp. 15-16. As such, Plaintiff claims that remand is warranted.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot

reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

After a review of the decision of the ALJ as it relates to the social functioning of Plaintiff, I agree with Plaintiff. In this case, the ALJ found that Plaintiff has the RFC to perform a full range of work at all exertional levels, except that Plaintiff can only have, *inter alia,* occasional contact with supervisors and coworkers though no collaborative work. (ECF No. 8-2, p. 24). The RFC mentions nothing about contact with the general public. *Id.* Within her decision, the ALJ rejected the opinions of Drs. Cohen and Kennedy that Plaintiff was markedly limited in the area of dealing with the public. (ECF No. 8-2, p. 27). She gave great weight, however, to the non-examining doctor's opinion that Plaintiff was moderately limited in dealing with the public. *Id.* Yet, she did not include any limitation regarding the general public in the RFC and did not state any reason for failing to do so. The ALJ can accept or reject opinion evidence, but she must give specific reason for doing so. Since the ALJ failed to provide any analysis as to why she ostensibly rejected the opinion evidence as it relates to Plaintiff's social functioning with the general public, I am unable to make a meaningful review as to whether the decision is based on substantial evidence. Consequently, remand is warranted in this regard.

    **C.**    **Vocational Ability**

Plaintiff's next argument is that the ALJ erred in failing to obtain vocational expert testimony to determine whether there are a significant number of jobs in the national economy that Plaintiff can perform and failed to give Plaintiff notice that she planned to take judicial notice of jobs that Plaintiff could perform. (ECF No. 11, pp. 9-14). Since I am remanding regarding the ALJ's determination of Plaintiff's RFC, the subsequent determinations regarding the vocational ability cannot stand. As such, remand is warranted on this issue as well. On remand, I am instructing the ALJ to consider obtaining vocational expert testimony in making her determination.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AUTUMN M. BRYANT,      )
              )
   Plaintiff,       )
              )
 -vs-          )  Civil Action No. 15-1017
              )
CAROLYN W. COLVIN,      )
COMMISSIONER OF SOCIAL SECURITY, )
              )
   Defendant.      )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 21st day of June, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is granted and Defendant's Motion for Summary Judgment (Docket No. 12) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

              BY THE COURT:

              s/ Donetta W. Ambrose
               Donetta W. Ambrose
               United States Senior District Judge